489 So.2d 1198 (1986)
Lessie Mae WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. BE-201.
District Court of Appeal of Florida, First District.
June 6, 1986.
Rehearing Denied July 8, 1986.
*1199 Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Williams appeals from a conviction for possession of cocaine and drug paraphernalia. The issue presented on appeal is whether the State failed to make a prima facie case of constructive possession so that, as a matter of law, the question improperly went to the jury. We find Williams' motion for judgment of acquittal should have been granted and reverse.
On 19 April 1984, deputies from the Leon County Sheriff's Office executed a search warrant on Williams' residence. This search produced a glass pane, with a trace amount of cocaine residue on it, and a razor blade. The pane of glass was discovered on a kitchen cabinet and the razor blade was in close proximity to it.
At trial, Williams testified that her daughter was living with her during the time period her residence was searched, the daughter often brought friends home with her, and Williams had several nieces and nephews who occasionally visited her. Williams also explained that the pane of glass had been purchased when she had to repair a broken window. She had bought two panes of glass in order to have an extra in case of another broken window, and the razor had been used in installing the window pane.
Williams' daughter, Angela Robinson, testified that on 19 April 1984 she was no longer living at the residence searched, but that up until the end of March she had lived with her mother. She also testified to spending weekends at her mother's home during the month of April.
At the close of all the evidence, counsel for Williams renewed the motion for judgment of acquittal that had been made at the conclusion of the State's case on the grounds that the State had failed to show exclusive possession by Williams of the premises, and the evidence was insufficient to show constructive possession by her. The court denied the motion.
The jury subsequently returned a verdict of guilty. Williams was placed on three years probation as to the possession of cocaine charge (Count I) and one year of concurrent probation for the possession of paraphernalia charge (Count II). This timely appeal followed.
To demonstrate Williams' constructive possession, the State was required to prove the following elements: (1) dominion and control over the contraband; (2) knowledge that the contraband was present; and (3) knowledge of its illicit nature. Chappell v. State, 457 So.2d 1133 (Fla. 1st DCA *1200 1984). In this Court's opinion, the State failed to prove the last two elements.
Williams admitted knowledge of the glass pane and razor blade because she had used them in repairing a broken window. From this it cannot reasonably be inferred she had knowledge of the cocaine. The window pane in question had been in the kitchen for six months. The small trace of white substance found on it could easily have been viewed by Williams as dust, flour, sugar, or any number of other white substances common to kitchens. No cocaine was discovered on the razor blade.
The State's argument that Williams was in exclusive possession of the premises is unpersuasive. The fact remains that Williams' teenage daughter was often an overnight guest in her mother's home, even after she changed her residence, and had ample opportunity to secrete the contraband in question. As was stated in Frank v. State, 199 So.2d 117, 121 (Fla. 1st DCA 1967):
Proof of either actual or inferred knowledge by the accused that the contraband articles were on the premises occupied by him at the time they were discovered is an essential and indispensable element of the offense which must be established... . This is not a mere technicality in the law, but a legal principle which must be observed in order to safeguard innocent persons from being made victims of unlawful acts perpetrated by others, and of which they have no knowledge.
It is also important to note that the glass pane was found in the kitchen and not in an area of the duplex that would have been within Williams' exclusive knowledge or under her exclusive control, such as her bedroom. This circumstance was emphasized in Ellis v. State, 346 So.2d 1044 (Fla. 2d DCA 1977), wherein the court reversed a conviction based on constructive possession.
Reversed.
WENTWORTH, J., concurs.
NIMMONS, J., dissents with opinion.
NIMMONS, Judge, dissenting.
I respectfully dissent. At the time of the search, appellant was in exclusive possession of her residence. In my view, the evidence of constructive possession was sufficient, under the Supreme Court's holding in Brown v. State, 428 So.2d 250 (Fla. 1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983), to present a jury question as to the guilt of the defendant of possession of cocaine and possession of drug paraphernalia.