WIGGINTON, Judge.
Before us is an appeal from judgment and sentence for possession of contraband in a county jail. Appellant argues that the trial court erred in failing to grant his motion for judgment of acquittal. We agree and reverse.
By information, appellant was charged with introducing or possessing contraband in a county jail and possession of less than twenty grams of marijuana. The cause proceeded to jury trial and at the close of the State’s case, the court dismissed the possession of marijuana charge on the basis that it was a lesser included offense of the charge of introducing or possessing contraband. The court also denied appellant’s motion for judgment of acquittal as to the latter charge. At the conclusion of all the evidence, appellant’s motion for judgment of acquittal was reviewed and again denied and the cause went to the jury, which found appellant guilty as charged. Appellant was adjudicated guilty and sentenced to eighteen months in state prison.
At trial, the State presented the testimony of deputy sheriff Robert Dees who stated that on August 22, 1986, at 6:30 p.m., appellant checked in to the county jail to begin serving his weekend sentence. At that time, appellant had three packs of unopened Richland brand cigarettes in a paper sack, as well as one open pack in his shirt pocket from which two cigarettes were missing. Dees testified that he only conducted a light pat down of appellant and that he did not open the top of the opened cigarette box but just looked in to ascertain that there were two cigarettes missing. Appellant was thereafter placed in a cell with two other inmates.
According to Dees, at 10:30 p.m., he smelled burning marijuana. He followed the odor to the first floor to appellant’s cell where he testified it was strongest. Dees left and returned with another officer. He approached appellant’s cell and peered through the peephole and saw appellant standing at the window in his undershorts. Jason Knight was sitting on the top bunk and Neal Boston was lying on the bottom one. He entered the cell, asked if the jeans lying folded on the bed were appellant’s, and received an affirmative answer. He reached inside the pants pocket and found an open pack of cigarettes which then contained only six cigarettes plus one marijuana cigarette. According to Dees, appellant denied knowing to whom the cigarettes be *761 longed. Dees seized the pack and searched the paper bag which revealed the other three packs of cigarettes. The opened pack retained by Dees was sent to the lab along with the marijuana.
The lab chemist testified that the cigarette was indeed a marijuana cigarette but that it was not partially burned. A latent fingerprint examiner could find no fingerprints on the items.
The State rested and the defense presented the testimony of Jason Knight who stated that he had smelled marijuana in the jail prior to appellant’s arrival. He maintained he never saw appellant smoke the marijuana.
John Simmons testified that he was in the cell next to appellant and that after appellant came into the jail, he passed Simmons a pack of cigarettes. Simmons took some out, and passed them back. He also testified that he had smelled marijuana earlier but did not smell an odor after appellant arrived. Both inmates maintained, contrary to Dees’ testimony, that there was a fourth prisoner in appellant’s cell that night.
Appellant testified that he checked into the jail to do his weekend sentence and brought in only three packages of unopened cigarettes. He denied having brought in the open pack of cigarettes maintaining that when he had arrived at the jail on a previous weekend he was told that he could not bring in an opened container. He also denied having on a shirt with a pocket, stating that he was wearing a T-shirt that night. According to appellant, Simmons asked for some cigarettes and he passed them around the corner through the bars to Simmons’ cell. He could not remember whether he had passed a pack or just the individual cigarettes. After that, appellant then put his pants on the bunk, took a five-minute shower during which he could not see his bunk on which were laid his pants, and was standing by the window when officer Dees came in. According to appellant, the cigarette pack was lying open on the top of his pants. Appellant stated that when Dees came in he walked over and picked up the cigarettes and started laughing and turned around and left. He asked if the cigarettes were appellant’s and appellant claimed that he admitted that they did belong to him. The other cell mates were not searched nor were any of the other cells searched. Dees did not find any burned match stems or ashtrays in the cell.
In closing arguments, appellant’s position was that he had no knowledge of the presence of the marijuana cigarette and that someone else must have put the cigarette into the pack.
On appeal, appellant argues that his motion for judgment of acquittal should have been granted since the State had not disproved his reasonable hypothesis of innocence that he did not have knowledge of the contraband and that someone else had placed the marijuana inside the cigarette pack while it was either passed to the next cell or while appellant was taking a shower. Appellant points to the settled rule that the State must prove the defendant has guilty knowledge of the presence of contraband in order to be culpable in constructively possessing the contraband. Williams v. State, 489 So.2d 1198 (Fla. 1st DCA 1986); Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984). Since the State did not rebut appellant’s reasonable hypothesis of innocence, appellant urges that this Court must reverse and direct that he be discharged, citing Fowler v. State, 492 So. 2d 1344 (Fla. 1st DCA 1986).
We agree that the State’s case wholly failed to establish an inference clearly inconsistent with appellant’s hypothesis of innocence. The State’s evidence rests solely on the presence of the marijuana cigarette in appellant’s cigarette pack and that fact alone, according to Williams and Kresbach, as well as the decision in Brooks v. State, 501 So.2d 176 (Fla. 4th DCA 1987), is insufficient absent competent and substantial evidence tending to show the defendant’s knowledge of the presence of the contraband. In the instant case, nothing in the State’s case in chief was inconsistent with appellant’s argument that he had no knowledge of the cigarette’s presence. Significant is the fact that the pack had *762 been circulated among other inmates and had been out of appellant's exclusive control for a period of time. Indeed, at one point for at least five minutes while appellant was taking a shower, the cigarette pack was completely outside appellant’s view. Moreover, there was no evidence presented by the State that appellant introduced the contraband into the county jail facilities.
Accordingly, the trial court erred in denying appellant’s motion for judgment of acquittal. The case is remanded with directions to vacate the judgment and sentence.
BOOTH and ZEHMER, JJ., concur.