WEBSTER, PETER D., Associate Judge,
dissenting.
Appellant was found guilty by a jury of the lesser included offense of possession of cocaine, following a trial on the charge of possession of cocaine with intent to sell. Adjudication of guilt was withheld, and she was placed on probation for four years. Appellant’s principal argument on appeal is that the trial court erred in denying her motion for judgment of acquittal which asserted that the prosecution’s evidence was entirely circumstantial and not inconsistent with a reasonable hypothesis of innocence.
The evidence presented at trial, viewed in favor of the prosecution, was as follows: At about eight o’clock on a Sunday morning, members of the Palm Beach County Sheriff’s Office executed a search warrant at a house in which Bill Lewis was subleasing one room from the tenant, Johnie Johnson. Upon entering the house, the deputies found Johnson in the living room. The deputies then entered a bedroom where they found Lewis and appellant in bed, naked. Appellant quickly clutched the bedclothes, wrapping them around herself. Lewis was permitted to put on a pair of shorts, after which he was escorted to the living room and then, shortly thereafter, to a patrol car.
Appellant was not permitted to dress. Rather, she was required to move to the living room, still wrapped in the bedclothes, where she was made to sit while a search of the house was conducted. Various amounts of marijuana were found in four separate locations. However, there was nothing to suggest that appellant had anything to do with any of the marijuana, or that she had any interest in the house aside from the fact that she happened to be there when the search was conducted.
A female deputy was called to the house at some point and asked to escort appellant *83 to the bathroom so that appellant might dress. Appellant was escorted to the bathroom which had only a curtain across the doorway, rather than a door. The female deputy handed appellant some clothes, and appellant went into the bathroom to dress while the female deputy and a male sergeant stood on the other side of the curtain.
The female deputy thought that it was taking appellant longer than necessary to dress. When appellant had finished dressing, she left the bedclothes in which she had initially wrapped herself in a pile on the bathroom floor. The female deputy asked the sergeant to search the bedclothes. The search uncovered a plastic bag containing seventeen cocaine rocks in the pile of bedclothes.
While the state concedes that its case against appellant was based entirely upon circumstantial evidence, it argues that the evidence presented was sufficient to establish that appellant had actual possession of the cocaine, and that appellant knew what she had. Believing that the evidence was not inconsistent with a reasonable hypothesis of innocence, I would reverse and remand with directions that appellant be discharged. See McArthur v. Nourse, 369 So.2d 578 (Fla.1979).
In my opinion, this is a constructive, rather than an actual, possession case. Both Lewis and appellant were in bed, naked, when the deputies entered the bedroom. There is nothing to suggest that appellant ever physically possessed the cocaine; nor is there any evidence that the bedclothes belonged to her. On the contrary, the evidence established that both belonged to Lewis. Lewis, not appellant, was the subject of the search warrant. (In fact, a pound of marijuana was found inside the box spring of the bed.)
To sustain its case, the state was required to prove beyond a reasonable doubt that appellant knew of the presence of the cocaine in the bedclothes. Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). The state’s argument in support of appellant’s knowledge rests entirely upon the evidence that the female deputy felt it took appellant longer than necessary to dress when she was finally permitted to do so.
Under Florida law, where there is no direct evidence of guilt and the state seeks a conviction based wholly upon circumstantial evidence, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The basic proposition of our law is that one accused of a crime is presumed innocent until proved guilty beyond and to the exclusion of a reasonable doubt, and it is the responsibility of the state to carry this burden_ It would be impermissible to allow the state to meet its burden through a succession of inferences that required a pyramiding of assumptions in order to arrive at the conclusion necessary for a conviction.
Torres v. State, 520 So.2d 78, 80 (Fla. 3d DCA 1988). See also McArthur v. State, 351 So.2d 972 (Fla.1977).
To me, the evidence upon which appellant was found guilty was at least as consistent with the following reasonable hypothesis of innocence as it is with guilt: Lying in bed naked when police unexpectedly entered the bedroom, appellant’s natural reaction was to cover herself with the closest covering available — the bedclothes. The cocaine was at the time hidden somewhere in or on the bed (perhaps tucked under the edge of the mattress). It became caught up in the fold of the bedclothes, without appellant’s knowledge. When she was finally allowed to dress, after the entire house had been searched, appellant was, understandably, quite distraught because of the events and the situation in which she found herself. She was told to go into the bathroom and dress behind a curtain which provided only minimal privacy, while two officers, one of whom was a male, stood a few feet away. Nervous and upset, it took her somewhat longer than normal to dress.
In short, I do not believe that the state established beyond a reasonable doubt that appellant knew of the existence of the cocaine. Therefore, the state’s case was legally insufficient. See generally Stemm v. *84 State, 523 So.2d 760 (Fla. 1st DCA 1988); Schaufele v. State, 269 So.2d 400 (Fla. 4th DCA 1972).
Although I believe that the case should be reversed and remanded with directions to discharge appellant, I also note that, in my opinion, the trial court committed reversible error when it failed to grant appellant’s motion for a mistrial after the prosecution on at least two occasions referred in the jury’s presence to irrelevant and prejudicial evidence.
During the search of the house, a bag of marijuana was found in a woman’s handbag in another bedroom. There was no evidence regarding the owner of the handbag, and nothing to suggest that it belonged to appellant. At trial, the only woman connected in any way with the house was appellant. The only conceivable purpose for the prosecutor’s references to the handbag at trial was a desire to create the impression that it belonged to appellant. This was clearly improper. Moreover, given the weakness of the case against appellant, the comments were, in my opinion, prejudicial even though the trial court instructed the jury to disregard them.
The jury found appellant guilty of the lesser included offense of possession of cocaine. It is entirely possible that the jury reached a compromise verdict, improperly presuming that the handbag belonged to appellant and relying on that presumption as evidence of appellant’s knowledge of the presence of drugs.
I do not believe that, on the facts of this case, the prosecutor's comments can be considered harmless error, or that the prejudice was cured by the trial court’s instruction to the jury. Rather, the motion for mistrial should have been granted, and it was reversible error not to do so.