528 So.2d 1241 (1988)
Dennis Lamar BROUGHTON, Appellant,
v.
STATE of Florida, Appellee.
No. BO-201.
District Court of Appeal of Florida, First District.
July 19, 1988.
Rehearing Denied August 18, 1988.
*1242 Michael E. Allen, Public Defender, and Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Maria Ines Suber, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
BOOTH, Judge.
Pursuant to appellant's motion for rehearing and notice of supplemental authority citing Stemm v. State, 523 So.2d 760 (Fla. 1st DCA 1988), our original opinion is withdrawn and the following is substituted.
This cause is before us on appeal from an order convicting appellant of possession of burglary tools, possession of a firearm by a convicted felon, and possession of a firearm in the commission of a felony. We reverse as to all three convictions.
Appellant has raised three issues: (1) whether the trial court erred in not granting appellant's motion for judgment of acquittal for possession of a firearm by a convicted felon and possession of a firearm in the commission of a felony, in that the State failed to demonstrate appellant had knowledge of a firearm; (2) whether the trial court erred in not directing a verdict of acquittal on the charge of possession of burglary tools and possession of a firearm by a convicted felon on the State's theory that appellant was a principal to the crimes; and (3) whether the trial court erred in denying appellant's motion for judgment of acquittal for possession of burglary tools for the State's failure to show that common household items were being used to break into a structure.
Around 10:00 p.m. on February 4, 1986, Police Officer Betz observed appellant and codefendant drive a vehicle behind several commercial buildings. Because the businesses were closed and Officer Betz had worked burglaries in the area, he decided to investigate.
Officer Betz pulled in the driveway, blocked the exit, called for backup officers, turned on his vehicle spotlight, and ordered the occupants out of the car. During this time, his spotlight failed. The individuals in the car did not exit immediately. Instead, Officer Betz observed a lot of movement *1243 in the front seat. He stated there were "heads ducking out of the way and everything... . His head and his [appellant's] upper torso, they were going back and forth." Approximately 30 to 35 seconds later, appellant came out of the car; then the passenger exited.
Officer Warren arrived as a backup. The original purpose of the stop was to make a field interrogation of suspicious behavior. As Officer Betz approached the driver's side, he observed items he characterized as "burglary tools" and "armed robbery tools."
Officer Betz found in the car a pair of bolt cutters, two pair of gloves, a green ski mask, a flashlight, and a green jacket. As he walked around the car, he noticed the passenger door slightly ajar, and underneath the car he found a fully loaded .45 firearm. Officer Betz testified the firearm was brand new, had no scratches on it, and had no humidity built up even though the day had been a humid one. Officer Betz had driven his patrol car (backwards and forwards) over the area where the gun had been found, and he had not seen or run over the weapon before he stopped appellant. Officer Betz concluded that, because of the movement observed when he first stopped the individuals and his finding of the door ajar, the weapon had been slid out and placed under the car although he never saw who did it. Officer Betz then requested Officer Warren to put the suspects on the ground, and subsequently an arrest ensued.
Officer Betz testified that the driver of the vehicle in question (appellant) had not disobeyed any traffic laws. Although he attempted to do a fingerprint analysis on the gun, everything was smudged.
We will address issue three first, as it makes portions of issues one and two moot.
In Foster v. State, 286 So.2d 549, 551 (Fla. 1973), the Supreme Court of Florida stated:
An examination of the burglary tool statute reveals that the potential for any number of common household tools to be "illegal" unless the statute is construed, in an appropriate case, such as this, to require that for such a tool to be "illegal," it must be used as a burglary tool  thus becoming a facet of the burglary, breaking and entering transaction, etc.
Again, in State v. Thomas, 362 So.2d 1348, 1350 (Fla. 1978), the Supreme Court of Florida stated:
Burglary tools are not contraband per se, and it is only the actual possession of burglary tools along with the criminal intent or usage that constitutes a punishable offense. Possession of otherwise "innocent" items coupled with the use or intended use of such tools in a burglary, is unlawful. No crime is committed until the items are in the actual or constructive possession of a person who is using or attempting to use the objects as burglary tools.
Applying the case law to the facts in this case, we conclude that the evidence is insufficient to establish a prima facie case of possessing burglary tools. The tools appellant was charged with possessing were a set of bolt cutters, a flashlight, a ski mask, and a glove. Appellant was not using, nor was he attempting to use, the objects in question as burglary tools.
Since the evidence is insufficient to establish a prima facie case of possessing burglary tools, we must also reverse appellant's conviction of possession of a firearm in the commission of a felony. The felony appellant was charged with committing was the possession of burglary tools.
Finally, we vacate appellant's conviction for possession of a firearm by a convicted felon. The conviction in this case was based upon circumstantial evidence. A conviction based upon circumstantial evidence cannot be sustained unless the evidence is inconsistent with the defendant's reasonable hypothesis of innocence. See Buenoano v. State, 478 So.2d 387 (Fla. 1st DCA 1985), and Fox v. State, 469 So.2d 800 (Fla. 1st DCA 1985). Sub judice, appellant's hypothesis of innocence was that his codefendant possessed the gun, appellant did not know it, and the codefendant hid the gun under the car without appellant's *1244 knowledge. Although the special standard governing sufficiency of circumstantial evidence does not require the trier of fact to believe the defense witnesses regarding facts on which the State has presented contrary testimony, a careful review of the record has failed to disclose any direct contradiction of any part of appellant's story. Because the State failed to produce even a modicum of evidence contradicting any part of the theory appellant argued to the jury, see Stemm, supra at 761, the State's evidence was insufficient for the jury to infer that appellant knew about the weapon, controlled it, or helped his codefendant conceal it.
Accordingly, the trial court erred in denying appellant's motion for judgment of acquittal, and the case is remanded with instructions to discharge appellant.
SMITH, C.J., and ERVIN, J., concur.