MINER, Judge.
Appellant here seeks review of his conviction and sentences for burglary of a dwelling and possession of burglary tools. Of the several grounds for reversal urged on appeal, we find only one merits discussion. Appellant contends that the trial court erred in its refusal to enter a judgment of acquittal on the charge of possession of burglary tools based on the appellant’s possession of gloves when apprehended. Finding that the trial court did not err in this respect, we affirm appellant’s conviction and sentences.
At trial, the victim testified that she discovered a burglary in progress at her dwelling during the early morning hours, and telephoned for emergency assistance. When responding officers arrived they observed the appellant running from the area. An officer identified himself and confronted the appellant who stopped but then began running again. The officer eventually caught the appellant and testified that appellant said, “You got me. I give up ... I did it.” The officer indicated that the temperature was in the 50’s or 60’s and that the appellant was wearing gloves on his hands which he appeared to be attempting to shake off by “slinging”.
At the conclusion of the state’s case, the appellant argued that the state did not make a prima facie case that the gloves he was wearing were “a burglary tool.” He argued that the evidence did not show that he was using the gloves to commit a burglary, rather than to merely avoid detection. He also maintained that gloves are not within the statutory definition of a “tool, machine, or implement” pursuant to section 810.06, Florida Statutes.
On appeal, appellant argues that the state did not establish that he intended to use the gloves found in his possession to commit a burglary, fie contends that no one saw him wearing the gloves during the burglary and that the state’s failure to obtain any clear fingerprints is not disposi-tive. In a word, he maintains that gloves are not a burglary “tool, machine, or implement.”
The state argues that common objects may be burglary tools, depending on the context in which they are used. The state further asserts that the evidence adduced below establishes that the appellant was using the gloves with the intention of committing a burglary.
The most common usage of the terms “tool, machine, or implement” does not relate to gloves or other articles of clothing. In Commonwealth v. Purcell, 19 Mass.App.Ct. 1031, 477 N.E.2d 190, rev. den. 395 Mass. 1103, 481 N.E.2d 197 (1985), a Massachusetts court recognized some uncertainty in that state's case law, but determined that it was not bound to follow precedent which suggested that gloves were not “burglarious” implements. Unlike section 810.06, Florida Statutes, the Massachusetts statute prohibits the possession of only those implements which are “adapted and designed for cutting through, forcing or breaking open a building,” etc. *967 Numerous cases under various statutes in other states have included gloves with other objects when describing the defendant’s possession of burglary tools. See 33 ALR 3d 798, § 14[a]. In Broughton v. State, 528 So.2d 1241 (Fla. 1st DCA 1988), this court reversed the conviction for the possession of burglary tools because it was not shown that the defendant was attempting to use the objects to commit a burglary. Although a glove and a ski mask were among the “tools” which the defendant was charged with possessing, it was not necessary for the court in Broughton to address whether section 810.06, Florida Statutes could be violated by the possession of a glove.
Webster’s Third New International Dictionary defines implement as “an article (as of apparel or furniture) serving to equip.” This definition would encompass gloves as an implement which may be used in connection with the burglary, insofar as gloves are an item of apparel which may equip one to commit a burglary. In Moore v. State, 244 Ark. 1197, 429 S.W.2d 122 (1968), cert. den. 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d 705 (1969), the Arkansas Supreme Court affirmed a conviction for possession of burglary tools which included a pair of rubber gloves. In considering the particular combination of tools or implements the court suggested it is common knowledge that burglars use gloves to avoid leaving fingerprints.
In addition to the question of whether gloves are a burglary tool or implement under section 810.06, the appellant contends that his possession of the gloves was not shown to be accompanied by the intent (to use, or allow the object to be used, to commit a burglary) which the statute requires. In Thomas v. State, 531 So.2d 708 (Fla.1988), the Florida Supreme Court explained that such intent may be “gleaned” from the totality of the circumstances, including the context in which the object is to be used and the actions of the accused. Although in the present case there was no eye witness testimony that the appellant was wearing the gloves while he committed the burglary, there was testimony that he was wearing the gloves when he was apprehended while running from the scene. The arresting officers stated that the appellant was “slinging” the gloves and “trying to shake them off” as he was apprehended. They noted further that it was not a cold night, estimating the temperature was in the 50’s or 60’s.
We believe the circumstances of this case are sufficient to present a jury question as to whether the appellant possessed the gloves with the prohibited intent. A question of intent is usually a matter to be determined by the finder of fact, see Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966), and, a judgment of acquittal should be granted only if the facts and evidence, in every conclusion which might reasonably be inferred therefrom, will not support a conviction. See Lynch v. State, 293 So.2d 44 (Fla.1974); Cunningham v. State, 385 So.2d 721 (Fla. 3d DCA 1980), rev. den., 402 So.2d 613 (Fla.1981). Since the evidence in the present case was sufficient to establish a prima facie case for the jury’s resolution, the court properly denied the appellant’s motion for judgment of acquittal as to the charge of possession of burglary tools. Accordingly, we affirm appellant’s conviction and sentences and certify the following question to the supreme court as one of great public importance:
Are items of personal apparel, such as common gloves, included under the terms “tool, machine or implement” as used in section 810.06, Florida Statutes?
BOOTH, J., concurs and ALLEN, J., concurs in part and dissents in part with opinion.