661 So.2d 1255 (1995)
Clayton STRACHN, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1111.
District Court of Appeal of Florida, Third District.
October 25, 1995.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Sylvie Perez Posner, Assistant Attorney General, for appellee.
*1256 Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal by the defendant Clayton Strachn from judgments of conviction and sentences for attempted burglary [§§ 777.04(1), 810.02(1), Fla. Stat. (1993)] possession of burglary tools [§ 810.06, Fla. Stat. (1993)], and unlawful possession of cocaine [§ 893.13(1)(a)(1), Fla. Stat. (1993)]. We affirm in part and reverse in part.
First, we agree, in part, with the defendant that the trial court committed reversible error in denying the defendant's motion for judgment of acquittal on the attempted burglary and possession of burglary tools charges. Resolving all conflicts in the evidence and all reasonable inferences therefrom in favor of the state, it is clear that the state did not present a prima facie case of guilt as to the possession of burglary tools charge, although it did present a prima facie case of guilt as to the attempted burglary charge. See Lynch v. State, 293 So.2d 44, 45 (Fla. 1974).
The state's evidence, viewed in the required light on a motion for judgment of acquittal, established that (1) the defendant was seen by police officers in the middle of the night, walking on the premises of a Howard Johnson Motel in Key West, Florida, looking up and down the sliding glass doors of various rooms, carrying a flashlight; (2) the defendant approached and tried to open the sliding glass door of room 129, but was unsuccessful as the door did not open; (3) the police then approached the defendant and noticed that the flashlight which the defendant was holding was unlit; (4) the defendant then falsely stated to the police that he had been asked by his brother, who was a police officer, to check on the Howard Johnson to see if everything was all right  a story which he later changed at the police station to the effect that he was, in fact, at the motel to purchase cocaine.
As to the possession of burglary tools charge, there is utterly no evidence that the defendant ever used the flashlight he was holding as a burglary tool as charged in the information; the defendant was never observed by the police shining the flashlight into any of the motel rooms, including the room he attempted burglarize, as, indeed, the flashlight was unlit when the police stopped the defendant. Accordingly, the evidence was plainly insufficient to establish a prima facie case of guilt on this offense; the trial court erred in denying the defendant's motion for judgment of acquittal on this charge. See Thomas v. State, 531 So.2d 708, 709 (Fla. 1988); Hierro v. State, 608 So.2d 912, 915 (Fla. 3d DCA 1992); Broughton v. State, 528 So.2d 1241, 1243 (Fla. 1st DCA 1988).
As to the attempted burglary charge, however, evidence was adduced below that the defendant unsuccessfully attempted to enter one of the Howard Johnson motel rooms late one night, and that after his arrest he belatedly admitted to the police that he was on the motel premises to purchase some cocaine. This evidence was clearly sufficient to establish that the defendant attempted to enter the motel room in question with an intent to commit an offense therein; the trial court committed no error in denying the defendant's motion for judgment of acquittal on this charge. It is true, as urged, that there was no evidence adduced at trial that the defendant did not have Howard Johnson's consent to be on the premises or to enter the subject motel room; this is of no significance, however, as it is settled that the complainant's non-consent to the charged entry is not an essential element of the offense of burglary. To the contrary, consent to the subject entry is an affirmative defense to burglary, and no evidence was ever adduced below that the defendant had Howard Johnson's consent to be on the motel premises or to enter the motel room in question. State v. Hicks, 421 So.2d 510 (Fla. 1982).
Second, we reject the defendant's argument that the trial court committed reversible error in denying the defendant's motion for judgment of acquittal on the unlawful possession of cocaine charge. Clearly, the state presented a prima facie case of guilt as to this charge when viewing the evidence in a light most favorable to the state, as it was shown that a quantity of cocaine was seized by police from a car which the defendant was *1257 in possession of at the time of his arrest. See Fedor v. State, 483 So.2d 42 (Fla. 2d DCA), rev. denied, 492 So.2d 1331 (Fla. 1986); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981); cf. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976).
The judgment of conviction and sentence for attempted possession of burglary tools is reversed, and the cause is remanded to the trial court with directions to discharge the defendant from this conviction; the judgments of conviction and sentences for attempted burglary and unlawful possession of cocaine, however, are affirmed in all respects.
Affirmed in part; reversed in part and remanded.