753 So.2d 690 (2000)
James LATIMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D97-1396.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
*691 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
The question presented in this appeal is whether a flashlight which is never observed being used in any manner during a burglary may still constitute a burglary tool to support a conviction for possession of burglary tools. We hold that a conviction for possession of burglary tools must be reversed where there is no overt act which either constitutes use or manifests an intent to use the flashlight during the burglary.
Roy Black was working and living at Al Trucking, where he served as a night watchman. On the night in question, Black was asleep in the cab of a truck when he was awakened and observed appellant trying to remove the radio from the dashboard of a pickup truck belonging to his boss. Black approached appellant and told him to leave, but appellant reappeared in the parking lot about fifteen minutes later. At that time, Black flagged down a nearby police officer, Sergeant Hurt, who put out a BOLO for a person matching the description given to him by Black. Another officer, Officer Copley, who was patrolling in the area, heard the BOLO, and within a very short distance from the location of the reported vehicle break-in, encountered appellant who matched the BOLO description. Officer Copley detained appellant, and Sergeant Hurt brought Black to identify appellant as the person he saw in the pickup truck, which he did. Appellant was arrested, and during the search of appellant incident to the arrest, the officer discovered a 7 inch flashlight, the subject of the charge for possession of burglary tools.
The record is devoid of any testimony that appellant was ever seen with the flashlight in his hand or in use at any time. Black did not testify that appellant had a flashlight or that he observed any light coming from the pickup truck. He also did not tell Sergeant Hurt that he had observed appellant with a flashlight. In fact, the first time Sergeant Hurt knew anything about a flashlight being connected to the case was during his testimony when the defense attorney asked him about it.
In Thomas v. State, 531 So.2d 708, 709-10 (Fla.1988), the supreme court stated:
[w]here a person is accused of possessing "burglary" tools, the state must prove beyond every reasonable doubt not merely that the accused intended to commit a burglary or trespass while those tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime. The statute is specific on this point:
Whoever has in his possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree.... *692 § 810.06, Fla. Stat. (emphasis added). Thus, the statute criminalizes the intent to use an item in an illegal way. Mere possession standing alone will not constitute a crime.
. . . .
... Indeed, we conclude that the burglary tool statute actually describes and prohibits a crime in the nature of an attempt. In effect, it criminalizes an attempt to commit a burglary or trespass, which is discerned through the possession of tools or devices coupled with the defendant's intent to use those tools in the commission of the crime.
. . . .
... [T]he specific intent to commit a burglary or trespass using tools, instruments or machines in the defendant's possession or control exists when he or she engages in or causes some overt act toward the commission of the burglary or trespass, which goes beyond merely thinking or talking about it. The overt act necessary to prove intent need not be limited to the actual use of an item in committing the trespass or burglary, but need only manifest the specific criminal intent.
(footnote omitted)(emphasis in original). The requisite intent existed in Thomas where the defendant was apprehended jumping over a fence in an area of frequent burglaries with his hands covered with socks and holding a screwdriver. The defendant's overt acts were sufficient to manifest an intent to use the common tool, a screwdriver, as a burglary tool and thus violate the statute. See id.
Strachn v. State, 661 So.2d 1255 (Fla. 3d DCA 1995), is factually similar to the instant case. Applying Thomas, the court determined that the state had not presented a prima facie case of guilt as to the possession of burglary tools where witnesses had observed Strachn pry open a sliding glass door to a hotel room in which the police subsequently found him holding an unlit flashlight. Because the flashlight was never illuminated, the court concluded that Strachn never used the flashlight in furtherance of his burglary. See id. at 1256. Therefore, he could not be convicted of possession of burglary tools based upon the mere possession of the flashlight.
The instant case presents even less evidence of intent than Strachn. Here, appellant was never even seen with the flashlight in his hand at all. It was merely found on his person when he was arrested. We are in accord with the third district's conclusion in Strachn and its application of the principles of Thomas. We therefore reverse the conviction for possession of burglary tools and direct appellant's discharge as to that count.
We affirm without comment as to the remaining issue relating to the conviction of appellant. We reverse his sentence as a violent career criminal under section 775.084(1)(c), based on State v. Thompson, 750 So.2d 643 (Fla.1999). We remand for resentencing.
Affirmed in part, reversed in part, and remanded for resentencing.
GUNTHER and STEVENSON, JJ., concur.