SILBERMAN, Judge.
 

 James Alonzo Brooks appeals his convictions and sentences for burglary of an unoccupied structure, possession of burglary tools, and grand theft. We affirm without discussion the convictions and sentences for burglary of an unoccupied structure and grand theft. We write to reverse the conviction and sentence for possession of burglary tools.
 

 The victim of the burglary saw Brooks walking a bicycle along the fence line of the victim’s property early in the morning. The victim called 911 to report a suspicious person around his home. About ten minutes later, the victim went into his backyard and saw Brooks flee from the victim’s open shed. Brooks jumped the fence and happened to run toward an officer who was responding to the 911 call. Brooks was wearing gloves, and he had a flashlight on his person. Power tools that had been in the shed had been moved outside the shed.
 
 *1229
 
 The bicycle was found outside the victim’s fence. Other property from the shed was next to the bicycle, along with a crowbar. Brooks contends that the evidence was insufficient to prove a prima facie ease of possession of burglary tools.
 

 To support a conviction for possession of burglary tools, the State must prove that the defendant had “in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass.” § 810.06, Fla. Stat. (2007). Brooks is correct that gloves are not burglary tools under section 810.06.
 
 See Green v. State,
 
 604 So.2d 471, 473 (Fla.1992) (concluding “that items of personal apparel, such as common gloves, are not included under the terms ‘tool, machine, or implement’ as used in section 810.06”). Thus, the evidence that Brooks was wearing gloves cannot support his conviction for possession of burglary tools.
 

 With respect to the flashlight found on Brooks’ person, the State failed to prove his intent to use it to commit burglary. “ ‘Where a person is accused of possessing “burglary” tools, the state must prove beyond every reasonable doubt not merely that the accused intended to commit a burglary or trespass while those tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime.’ ”
 
 Keys v. State,
 
 949 So.2d 1080, 1083 (Fla. 2d DCA 2007) (quoting
 
 Thomas v. State,
 
 531 So.2d 708, 709 (Fla.1988)). In
 
 Keys,
 
 this court determined that the evidence was sufficient to show the defendant’s intent to use deck spikes found in his possession to burglarize a mobile home when the door to the mobile home had fresh pry marks on it.
 
 Id,
 

 In
 
 Latimore v. State,
 
 753 So.2d 690, 691 (Fla. 4th DCA 2000), the defendant was seen, in the nighttime, trying to remove a radio from the dashboard of a vehicle. Similar to the present case, when he was later arrested and searched, the police discovered a flashlight on the defendant’s person. The Fourth District determined that the evidence was insufficient to support a conviction for possession of burglary tools because the evidence of intent to use the flashlight to commit the burglary was lacking.
 
 Id.
 
 at 692. The court explained that the defendant “was never even seen with the flashlight in his hand at all. It was merely found on his person when he was arrested.”
 
 Id.
 
 Here, the evidence to show Brooks’ intent to use the flashlight to commit the burglary was similarly lacking. Thus, his possession of the flashlight cannot support his conviction for possession of burglary tools.
 

 The State contends that a crowbar found next to the bicycle supports Brooks’ conviction for possession of burglary tools, citing
 
 C.W. v. State,
 
 778 So.2d 358 (Fla. 2d DCA 2001). The State argues that “the jury could reasonably infer Brooks’ use of the crowbar with the intent to commit a burglary.” In
 
 C.W.,
 
 however, the juvenile broke into a school using a crowbar. He admitted to using the crowbar to break into the school, the doors had pry marks on them, and police found a crowbar inside the school.
 
 Id.
 
 at 359.
 

 In contrast, the only evidence here is that a crowbar was found outside the fence and next to the bicycle. No evidence shows Brooks’ intent to use the crowbar, especially when the crowbar was unnecessary to enter the open shed and the evidence reflected that Brooks climbed the fence to enter the property. As with the flashlight, mere possession of the crowbar does not constitute a crime.
 
 See Thomas,
 
 531 So.2d at 709. Therefore, because the State failed to prove Brooks’ intent, we
 
 *1230
 
 reverse his conviction and sentence for possession of burglary tools.
 

 Affirmed in part and reversed in part.
 

 FULMER and NORTHCUTT, JJ., Concur.