COWART, Judge.
This case involves the consolidation and severance for trial of “related offenses” under Florida Rules of Criminal Procedure 3.151 and 3.152.
The defendant was charged in a four count information (85-5591) with two counts of burglary and two counts of grand theft occurring in the two burglaries; in a two count information (85-5619) with one count of burglary and a count of grand theft occurring in that burglary; and in a six count information (85-5738) with three counts of burglary and three counts of grand theft occurring in the three burglaries. Pursuant to Florida Rule of Criminal Procedure 3.151, the state moved to consolidate the trial of all six burglaries and six grand thefts alleged in the three informations and, pursuant to Florida Rule of Criminal Procedure 3.152(a), the defendant moved to sever trial of the twelve offenses into six trials each relating to one burglary and its related grand theft. The trial court consolidated the trial of all offenses charged except two not involved in this appeal. After trial and conviction of four counts of burglary and the related four counts of grand theft, the defendant appeals.
Each paired and charged burglary and theft occurred on a different day and related to different premises, property, and owners. When a theft occurs during a burglary, the two offenses are, of course, related. However, one paired and related burglary and theft is not “based on the same act or transaction or on two or more connected acts or transactions” and therefore are not “related offenses” as to any other paired and related burglary and theft within the meaning of that term in Florida Rules of Criminal Procedure 3.151 and 3.152 merely because the burglaries occurred in the same apartment complex or because property stolen in the different burglaries was found in the defendant’s possession on some subsequent date at the same time and place. The defendant’s constitutional right to a fair trial and the likelihood of undue prejudice to a defendant resulting from the consolidation of multiple unrelated offenses, which is the reason for the rules relating to the consolidation and the severance of the trial of criminal offenses, override all considerations in favor of such consolidations.
The trial court did not err in denying the defendant’s motion to suppress the admission into evidence of certain stolen property because there remained sufficient allegations to demonstrate probable cause after certain invalid allegations were excised from the affidavit upon which a search warrant was based. See Neary v. State, 384 So.2d 881 (Fla.1980).
The defendant’s convictions are reversed and the cause remanded for separate trials as to each paired and related burglary and theft.
REVERSED and REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.