517 So.2d 780 (1988)
Steven J. SHUPE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2270.
District Court of Appeal of Florida, Fifth District.
January 7, 1988.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Shupe appeals from his convictions and sentences for two robbery offenses (second degree felonies),[1] and two second degree grand theft offenses (third degree felonies).[2] He argues that the trial court erred in not granting his motion to sever the trial of one set of grand theft and robbery charges from the other because they relate to a different victim at a different time and place. He also argues he cannot be convicted for both grand theft and robbery because they relate to the same purse-snatching incident from one victim. We do not think the trial court erred in denying Shupe's motion to sever, but we agree that double convictions for grand theft and robbery stemming out of a single purse-snatching were erroneous.
The record reveals that during the evening of February 20, 1986, Shupe ran up behind an elderly woman (69 years old) on Atlantic Avenue in Daytona Beach, hit her shoulder, and knocked her to the ground. He then seized her purse, and ran. With the assistance of Officer Ashley who gave chase, the purse was recovered, but Shupe got away.
The following evening, Shupe accosted a 75 year old woman as she was getting out *781 of her car, on Atlantic Avenue, a short distance from the place where the first victim was attacked. Shupe grabbed the lady's purse off her shoulder. He again ran. With the help of two hotel security guards and a group of people in a parking lot, he was apprehended and the purse was recovered from an area where Shupe had been standing.
Neither elderly victim was able to identify Shupe as the thief. However, Officer Ashley responded to the scene when Shupe was apprehended in the parking lot, after the second purse-snatching. He positively identified him as being the same culprit he had chased on Atlantic Avenue the night before, after the first purse-snatching incident.
Shupe was charged with the two robbery offenses and grand theft offenses in a single information. Prior to trial, he filed a motion for severance of the offenses. Florida Rule of Criminal Procedure 3.150(a) provides:
Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses ... are based on the same act or transaction or on two or more connected acts or transactions.
If the offenses are improperly charged because they are not "related," a defendant has a right to sever them for trial, upon timely motion.[3] The issue in this case is whether or not the two purse-snatchings are "related" to permit a joint trial.
In Finfrock v. State, 507 So.2d 1230 (Fla. 5th DCA 1987), we held that consolidation of four burglary and theft offenses for trial was erroneous and violated the defendant's right to a fair trial. The defendant was charged with breaking and entering various apartments in an apartment complex, and taking numerous items of property from different victims, on different days, over a time period. It was not established that the same witnesses would be essential in any of the cases, or that the same method or modus operandi was used in accomplishing the burglaries. We think those are critical differences in this case.
In Bundy v. State, 455 So.2d 330 (Fla. 1984), cert. denied, 476 U.S. 1109, 106 S.Ct. 1958, 90 L.Ed.2d 366 (1986), the Florida Supreme Court held that it was proper to join for trial attempted first degree murder and burglary charges with first degree murder, first degree attempted murder and burglary charges, even though each set of crimes were perpetrated against different victims in different locations. The court said it was proper to consider the crimes as being related because they happened within hours of one another, and were committed within a few blocks of each other. Also, the court stressed that the crimes were committed in a similar manner: breaking into residences of young women in an off-campus neighborhood and beating them with a club while they slept. Because of the similarity of the modus operandi, the evidence of both sets of crimes would be relevant and admissible under the Williams Rule.[4] Thus no unfairness could result from a joint trial.
We think the modus operandi in this case is sufficiently similar, to make admissible the evidence of the other crime were it tried separately under Williams. Here, elderly women were accosted on the street, in the evening, and their purses snatched. The assailant then ran before they could see him. Shupe's criminal activities took place within the same few blocks on Atlantic Avenue, and his prey were elderly female tourists. These two purse-snatchings are sufficiently close in time and place to make them "related," and no undue prejudice resulted because of the probable application of the Williams Rule, were they tried separately.
However, we agree Shupe cannot be convicted of both grand theft and robbery for the same purse snatching. In Carawan v. State, 515 So.2d 161, 170 (Fla. 1987), the court said:

*782 Finally, based on the analysis herein, we must recede from our holding in State v. Rodriquez, 500 So.2d 120 (Fla. 1986), which found that a defendant could be convicted of both grand theft and robbery based on the same underlying act. We find that both of these offenses address essentially the same evil, i.e., the taking of property without consent. Dual punishments were thus improper since reason dictated that the legislature's probable intent was only to provide for a more severe penalty when a single theft was accompanied by an additional aggravating factor, not to multiply punishments because other aggravating factors also occurred. Moreover, Rodriquez reached the anomalous conclusion that a defendant could suffer multiple punishments for a single act that constituted a mere property offense, whereas Mills [v. State, 476 So.2d 172 (Fla. 1985)], Houser [v. State, 474 So.2d 1193 (Fla. 1985)], and [State v.] Boivin, [487 So.2d 1037 (Fla. 1986)] had reached the opposite conclusion when the offenses arose from a single act that resulted in the death of another human being. Such inconsistency is untenable under our law, and we therefore recede from Rodriquez.

Accordingly, we affirm the joint trial of the crimes, but remand this case to the trial court for it to vacate either the grand theft conviction or the robbery conviction related to the purse-snatchings.[5] The sentences on the remaining offenses must then be recalculated under the guidelines.
IT IS SO ORDERED.
UPCHURCH, C.J., and ORFINGER, J., concur.
NOTES
[1] § 812.13(1) & (2)(c), Fla. Stat. (1985).
[2] § 810.02, Fla. Stat. (1985).
[3] Fla.R.Crim.P. 3.152(a)(1).
[4] Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[5] Blankenship v. State, 516 So.2d 76 (Fla. 5th DCA 1987).