536 So.2d 285 (1988)
James Y. GHENT, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2301.
District Court of Appeal of Florida, Third District.
December 6, 1988.
Rehearing Denied February 7, 1989.
Bennett H. Brummer, Public Defender, and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Susan Odzer Hugentugler, Asst. Atty. Gen., for appellee.
Before NESBITT and FERGUSON, JJ., and VANN, HAROLD R., Associate Judge.
PER CURIAM.
Ghent appeals his conviction and sentence for attempted burglary of a structure and possession of burglary tools. He argues that he cannot be convicted of both those crimes because in the instant case they represent convictions for the same attempted burglary. We agree and reverse and remand for proceedings consistent with this opinion.
The elements of the crime of attempted burglary are: 1) the intent to commit burglary; and 2) some overt act committed to effect that intent. See Jones v. State, 492 So.2d 1124 (Fla. 3d DCA), review denied, 501 So.2d 1282 (Fla. 1986). The elements of the crime of possession of burglary tools are: 1) the intent to commit burglary; 2) some overt act committed to effect that intent; 3) possession of burglary tools. See Thomas v. State, 531 So.2d 708 (Fla. 1988). As noted in Thomas, the burglary tool statute "criminalizes an attempt to commit a burglary or trespass, which is discerned through the possession of tools or devices coupled with the defendant's intent to use those tools in the commission of the crime." Thomas, 531 So.2d at 709.
Here, an officer found Ghent, hiding in the shrubbery adjacent to a private home, attempting to hide a screwdriver and glove. Scratch marks appeared on a window at the home. Ghent came out of the bushes and was arrested. Ghent confessed to the two officers on the scene that he had attempted to break into the house through use of the screwdriver but failed.
Ghent received a five-year sentence for attempted burglary and an additional five-year sentence for possession of burglary tools, the two sentences to run consecutively. We agree that Ghent cannot be convicted of both these crimes for the same attempted burglary. See Shupe v. State, 517 So.2d 780, 782 (Fla. 5th DCA 1988) (defendant could not be convicted of both grand theft and robbery for same purse-snatching, and one conviction would have had to be vacated). Here, dual punishments are improper since reason dictates that the legislature's probable intent was only to provide for a more severe penalty when a single attempted burglary was accompanied by an additional aggravating factor, not to multiply punishments because other aggravating factors also occurred. Shupe, 517 So.2d at 781-82, citing Carawan v. State, 515 So.2d 161, 170 (Fla. 1987).
Accordingly, we reverse and remand this case to the trial court for it to vacate either *286 the attempted burglary conviction or the possession of burglary tools conviction.