ON MOTION FOR CLARIFICATION
PER CURIAM.
In Case No. 89-568, we dismissed the state’s appeal in State v. Smith, 557 So.2d 904 (Fla. 1st DCA 1990). However, our order of dismissal left pending the cross appeal of appellee Roosevelt Smith wherein Smith asserts as his sole issue that the evidence was insufficient to convict Smith of the crime of burglary (Count I). We have examined the briefs and record and find such assertion to be without merit and therefore affirm in Case No. 89-568.
In Case No. 90-1064, which has been consolidated with 89-568, the state appeals from the trial court’s order which granted Smith’s motion to arrest judgment on Count II, which charged the offense of possession of burglary tools. On this issue, we reverse.
The two-count information charged Smith with burglary of a structure and possession of burglary tools. The evidence showed that on October 23, 1988, Smith entered a secured area of the Tompkins-Beckwith compound which was surrounded by a chain link fence. At approximately 10:00 P.M., Smith entered the compound. As the officers who were on “stakeout” rounded the corner of a building, they saw Smith 10-15 feet from the comer of a building. Smith was arrested by the detectives. One had his gun drawn “covering” Smith while the other searched him. Smith was wearing a black T-shirt, black or blue jeans, dark shoes and a dark baseball cap. Smith had a pair of wire cutters in his left hand and a rat tail file in his back pocket. The chain link fence had been freshly cut and there were metal shavings on the wire cutters and on Smith’s hand.
*321 To determine if the trial court properly arrested judgment on the possession of burglary tools count of the Information, the court must first look to the language of Section 775.021(4), Florida Statutes (1988 Supp.). This statute in pertinent part states:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of the subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial, (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses of the statutory elements which are subsumed by the greater offense.
The first step in the analysis is to determine whether the elements of proof for burglary and possession of burglary tools are different. The elements of burglary are: (1) entry into the structure of another; (2) the entry was without permission; and (3) intent to commit an offense within the structure. The elements for possession of burglary tools are: (1) the intent to commit a burglary; (2) an overt act towards the commission of the burglary; (3) an intent to use a tool in the commission of the burglary; and (4) possession of the tool. Thomas v. State, 531 So.2d 708 (Fla.1988); Ghent v. State, 536 So.2d 285 (Fla. 3rd DCA 1988). Here, it is clear that the elements of the offenses are separate because at the very least possession of burglary tools requires possession of burglary tools, which is not required for burglary. See T.S.J. v. State, 439 So.2d 966 (Fla. 1st DCA 1983).
Next, the question arises whether the possession offense is a “degree[] of the same offense as provided by the statute.” The two offenses are under separate statutory sections, 810.02 and 810.06, and do not appear to be degrees of each other. Further the appellee’s argument on this issue appears to be without merit because Ghent, supra, merely states that convictions for attempted burglary and possession of burglary tools is improper. The appellee then cites Thomas, supra, for the proposition that the burglary tool statute criminalizes an attempt to commit a burglary so it is therefore a different degree of the same offense. Thomas states that the burglary tool statute is in the same nature of offense as attempted burglary since “in effect, it criminalizes an attempt to commit a burglary or trespass, which is discerned through the possession of tools or devices coupled with the defendant’s attempt to use those tools in a commission of a crime.” 531 So.2d at 709. But even if possession of burglary tools may be regarded as a lesser degree of attempted burglary, it cannot be said to be a lesser degree of burglary itself under existing case law, infra.
Turning to the third exception under the statute, possession of burglary tools cannot be considered a lesser offense of burglary of a structure or vice versa. We are dealing with the completed offense of burglary, not an attempted burglary as was involved in Ghent. Similarly, the Supreme Court’s remarks in Thomas spoke of possession of burglary tools as in the nature of a criminal attempt. 531 So.2d at 709. We, therefore, do not believe that the Supreme Court should be regarded as having receded from its holding in Ferguson v. State, 420 So.2d 585 (Fla.1982) (held defendant properly convicted and sentenced for both burglary and possession of burglary tools). See also Morgan v. State, 576 So.2d 792 (Fla. 4th DCA 1991). We therefore reverse the trial court’s order arresting judgment on posses *322 sion of burglary tools and remand for re-sentencing.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
BOOTH and WOLF, JJ., and WENTWORTH, Senior Judge, concur.