588 So.2d 644 (1991)
Robert Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02447.
District Court of Appeal of Florida, Second District.
October 25, 1991.
*645 James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Robert Lee Jones appeals his convictions for attempted burglary and possession of burglary tools and the sentence imposed on the attempted burglary. We affirm the convictions, concluding that there is no infringement upon the protections against double jeopardy for convictions of both attempted burglary and possession of burglary tools. In reaching this conclusion, we agree with the result reached in Morgan v. State, 576 So.2d 792 (Fla. 4th DCA 1991) and certify conflict with Ghent v. State, 536 So.2d 285 (Fla. 3d DCA), review denied, 545 So.2d 1369 (Fla. 1989). We also affirm the sentence for attempted burglary, finding that the sentence imposed is a lawful probationary split sentence.
A person may be convicted of and sentenced for separate offenses committed during one criminal transaction or episode subject to certain enumerated exceptions. § 775.021(4), Fla. Stat. (1989). Section 775.021(4), Florida Statutes (1989) provides that "offenses are separate if each offense requires proof of an element that the other does not... ." A court must analyze the elements of the offense without regard to the proof at trial or the accusatory pleading when faced with a double jeopardy question. State v. McCloud, 577 So.2d 939, 941 (Fla. 1991) (quoting § 775.021(4), Fla. Stat. (Supp. 1988)).
Elements of attempted burglary are as follows: (1) that the defendant did some act toward committing the crime of burglary that went beyond just thinking or talking about it and (2) that the defendant would have committed the crime except that someone prevented him from committing the crime of burglary or that he failed.[1]Jones v. State, 492 So.2d 1124 (Fla. 3d DCA), review denied, 501 So.2d 1282 (Fla. 1986); see also Fla.Std.Jury *646 Instr. (Crim.) at 55, (Attempt to Commit Crime). The elements of possession of burglary tools are: (1) the defendant had in his possession a tool and (2) the defendant had a fully-formed, conscious intent that the tool would be used by him or someone else to commit a burglary.[2]Estevez v. State, 189 So.2d 830 (Fla. 2d DCA 1966), cert. dismissed, 200 So.2d 807 (Fla. 1967); see also Fla.Std.Jury Instr. (Crim.), at 138, (Possession of Burglary Tools). Each offense, therefore, has an element which the other does not. Thus, attempted burglary and possession of burglary tools are separate offenses for which Jones may receive dual convictions and sentences unless one of the exceptions enumerated in section 775.021(4)(b) applies.
Section 775.021(4) contains three exceptions. The first exception applies when offenses require identical elements of proof. As shown above, these offenses have different elements of proof. The second exception is relevant when offenses are degrees of the same offense. This also is inapplicable. The third exception applies to "[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." This exception also is inapplicable because one offense is not subsumed by the other in that they are both third-degree felonies; therefore, there is no "lesser" or "greater" offense. We conclude from this analysis that the offenses, of attempted burglary and possession of burglary tools are separate offenses, and Jones could be convicted of both. In so holding, we certify conflict with the Third District.
Jones also challenges his sentence imposed on the attempted burglary. The trial court sentenced Jones to three and one-half years' imprisonment followed by five years' probation for the attempted burglary (count one) and to five years' probation for possession of burglary tools (count two) to run concurrently with the probation in count one. Jones argues that the sentence on the attempted burglary is an unlawful probationary split sentence. The supreme court has ruled that a probationary split sentence such as the one imposed in the present case is proper. See Glass v. State, 574 So.2d 1099 (Fla. 1991).
Finally, we must remand this case for a correction of the judgment. Both parties concede that the written judgment which listed the attempted burglary of a dwelling as a felony of the second degree is in error. We remand to the trial court for correction of the judgment to reflect that attempted burglary of a dwelling is a third-degree felony.
CAMPBELL, A.C.J., and FRANK and PARKER, JJ., concur.
NOTES
[1] The Third District, in Ghent, lists the elements for attempted burglary as:

1) the intent to commit burglary; and 2) some overt act committed to effect that intent.
[2] The Third District, in Ghent, lists the elements for possession of burglary tools as:

1) the intent to commit burglary; 2) some overt act committed to effect that intent; and 3) possession of burglary tools.