588 So.2d 654 (1991)
Robin SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01116.
District Court of Appeal of Florida, Second District.
November 1, 1991.
*655 Terrance A. Bostic of Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals in this circumstantial evidence case from his convictions for attempted burglary of a conveyance, petit theft and possession of burglary tools. We affirm.
Defendant was found by the arresting officers at approximately midnight on the ground at the front of a car which had been broken into in the parking lot of a bar. A hammer was underneath the front of the car near defendant. A screwdriver was on the ground near the car's broken window. Defendant resisted the arresting officers' attempts to search him and attempted to flee.
While no direct evidence connected defendant with the crimes, his hypothesis of innocence was undermined by the state's evidence. That hypothesis was that he had been in the bar to see a friend, had become intoxicated, and went out to get fresh air in the parking lot where he had merely leaned against the car. On the other hand, the state's evidence was that defendant was unable to give the officers the friend's name, defendant was faking intoxication, and defendant's hands contained no stamp which it was the bar's policy to place on the hand of entering patrons.
As established by State v. Law, 559 So.2d 187, 189 (Fla. 1989) (citation omitted).
The State is not required to "rebut conclusively every possible variation" of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
We conclude that that "threshold burden" was met by the state in this case. Thus, we cannot agree with defendant's argument that mere inconsistencies in defendant's hypothesis of innocence did not justify submitting the case to the jury.
We also do not agree with defendant's argument that attempted burglary and possession of burglary tools are a single offense and that double jeopardy precludes the convictions and sentences for both. See Morgan v. State, 576 So.2d 792 (Fla. 4th DCA 1991) (no double jeopardy violation where defendant convicted of attempted burglary, possession of burglary tools and criminal mischief). See also Jones v. State, 588 So.2d 644 (Fla. 2d DCA 1991). Section 775.021(4), Florida Statutes (1989), states:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal *656 offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Possession of burglary tools and attempted burglary satisfy the statutory definition of separate offenses. A conviction for attempted burglary does not require proof of possession of burglary tools. Likewise, a conviction for possession of burglary tools does not require proof of an attempted burglary.
Thomas v. State, 531 So.2d 708 (Fla. 1988), upon which defendant relies, states merely that the offense of possession of burglary tools is in the nature of an attempt in that some overt act toward the commission of a burglary or a trespass is necessary to prove the intent element of possession of burglary tools. Id. at 710. Thomas notes that the "overt act necessary to prove intent need not be limited to the actual use of an item in committing the trespass or burglary, but need only manifest the specific criminal intent." Id. In Thomas, the accused was "arrested in a frequently burglarized neighborhood while wearing socks on his hands, carrying a screwdriver, and attempting to ... run away." Id. at 711. The court found that the accused's activities constituted an overt act sufficient to give rise to an inference that the accused had the requisite intent for a conviction of possession of burglary tools. Thomas disapproved earlier cases that had held that to establish intent in cases where a common household item was the alleged burglary tool, the tool must have been used in an attempted burglary or a burglary. Id.
We have also considered Ghent v. State, 536 So.2d 285 (Fla. 3d DCA 1988), and find that it is not applicable to the present case. Ghent relied on the principles set forth in Carawan v. State, 515 So.2d 161 (Fla. 1987), and is not applicable to this case which is governed by section 775.021(4), Florida Statutes (1989).
Finally, we note that this case is not inconsistent with the holding of State v. Smith, 589 So.2d 320 (Fla. 1st DCA 1991), which rejected the defendant's argument that convictions for burglary and possession of burglary tools violated double jeopardy. The court rejected the defendant's reliance on Ghent, distinguishing that case as involving an attempt to commit a burglary rather than a burglary. Smith did not hold that if an attempt were involved, a defendant could not be convicted of that offense as well as possession of burglary tools. In fact, in finding that the defendant was properly convicted and sentenced for both burglary and possession of burglary tools, Smith cites, among other cases, Morgan v. State, 576 So.2d 792, which dealt with an attempted burglary.
Affirmed.
SCHEB, A.C.J., and ALTENBERND, J., concur.