608 So.2d 797 (1992)
Robert Lee JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 78904.
Supreme Court of Florida.
November 12, 1992.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
We review Jones v. State, 588 So.2d 644 (Fla. 2d DCA 1991), because of its conflict with Ghent v. State, 536 So.2d 285 (Fla. 3d DCA 1988), review denied, 545 So.2d 1369 (Fla. 1989). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
Jones was arrested for attempting to pick a lock on the door of a residence. He was convicted and sentenced for attempted burglary of a dwelling and possession of *798 burglary tools. On appeal, Jones argued that convictions for both attempted burglary and possession of burglary tools violated the proscription against double jeopardy. The district court of appeal rejected this argument and affirmed the convictions. The issue before this Court is whether convictions for attempted burglary and possession of burglary tools violate a defendant's right against double jeopardy when the convictions arise from the same criminal episode.
The proscription against double jeopardy emanates from the Fifth Amendment of the United States Constitution. As stated by the United States Supreme Court: "With respect to cumulative sentences in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). Our legislature expressed its intent in section 775.021(4), Florida Statutes (1989), which provides:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction ... shall be sentenced separately for each criminal offense... . For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) ... Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
This statute essentially codifies the double jeopardy test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
The elements of attempted burglary are: (1) the intent to commit burglary, and (2) some overt act directed toward its commission. § 777.04(1), Fla. Stat. (1989); Gustine v. State, 86 Fla. 24, 97 So. 207 (1923).[1] The elements of possession of burglary tools are (1) the defendant had in his possession a tool, and (2) the defendant had a fully formed conscious intent that the tool would be used by him or someone else to commit a burglary. § 810.06, Fla. Stat. (1989); Estevez v. State, 189 So.2d 830 (Fla. 2d DCA 1966), cert. dismissed, 200 So.2d 807 (Fla. 1967); see Fla.Std.Jury Instr. (Crim.) at 138. Each of these crimes requires proof of a statutory element that the other does not. Therefore, section 775.021(b) appears to dictate that Jones could be convicted of both crimes. See Borges v. State, 394 So.2d 1046, 1047 (Fla. 4th DCA 1981) (possession of burglary tools is complete "if the possession and intent can be proved and there need never be an actual burglary or even an attempt to burgle."), approved, 415 So.2d 1265 (Fla. 1982).
Jones points out, however, that in Thomas v. State, 531 So.2d 708 (Fla. 1988), this Court held that in order to convict of the crime of possession of burglary tools, it was also necessary to prove an overt act toward the commission of the burglary which goes beyond merely thinking or talking about it. Jones argues that the overt acts that must be present to prove possession of burglary tools and attempted burglary are the same. Under this analysis, all the elements of attempted burglary  the specific intent to commit a burglary and an overt act toward its commission  are contained in possession of burglary tools, and the conviction for both crimes violates Jones' right against double jeopardy *799 because one offense does not require proof of an element that the other does not. The court in Ghent seemed to adopt this position, though its reasoning may have been influenced by Carawan v. State, 515 So.2d 161 (Fla. 1987).[2]
We reject this analysis because we cannot accept the premise that the overt acts required for the two crimes are the same. Thomas did not involve the issue of double jeopardy. In Thomas, this Court was asked to decide the circumstances under which the State may criminalize the possession of common household items under the burglary tool statute. 531 So.2d at 709. At that time, trial courts were wrestling with the problem of proof required to show that a criminal defendant had the specific intent to use a common tool in the commission of a burglary. Prior to Thomas, we had attempted to deal with this issue by drawing a distinction between common household items and devices that are per se burglary tools. See Foster v. State, 286 So.2d 549 (Fla. 1973), receded from on other grounds, Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975). If the tool was "common," actual proof that the tool was used to commit a burglary was required to convict. Thomas, 531 So.2d at 710. If the tool was not "common," the jury instructions only required the State to prove a fully formed criminal intent without specifying how that intent was to be established. Id. This distinction, however, caused unnecessary confusion in the trial courts. Id.
By adding the overt act requirement to the burglary tool crime, Thomas obviated the need for a distinction between common and uncommon tools. However, the overt act necessary to convict of the burglary tool crime is not the same as the overt act required to prove attempted burglary. As we stated in Thomas, "[t]he overt act necessary to prove intent [in the possession of burglary tools statute] need not be limited to the actual use of an item in committing the trespass or burglary, but need only manifest the specific criminal intent." Id. The trier of fact must look to the totality of the circumstances to determine "whether the actions of the accused showed he or she was preparing to use the tool to commit a burglary or trespass." Id. Thomas disapproved cases holding that to establish intent in those instances where a common household tool was the alleged burglary tool, the tool must have been used in an actual or attempted burglary. Id. at 711.
The distinction between the overt acts necessary to commit the two crimes is illustrated by the facts in Thomas. Id. at 709. In that case, a confidential informant had advised the police that the defendant had committed a number of burglaries in a particular neighborhood. During surveillance in the area, the police arrested the defendant after seeing him jump over a fence and try to run away. At that time he was wearing a pair of socks over his hands and carrying a screwdriver. He admitted he had entered the neighborhood to commit a burglary but said he had been arrested before being able to perpetrate the crime. Id. We concluded that there was sufficient overt activity to convict of possession of burglary tools. Id. at 711. However, based on these facts, it is obvious that Thomas could not have been convicted of attempted burglary because there had been no overt act directed toward entering or remaining in a structure or conveyance. See § 810.02, Fla. Stat. (1989).
We recognize that the actual use of a tool in the commission of an attempted burglary will greatly aid the State in proving the criminal intent required for a violation of the burglary tools statute. However, an attempted burglary is not required to convict a criminal defendant of possession of burglary tools. We hold that convictions for both attempted burglary and possession of burglary tools arising from the same episode do not violate the proscription against double jeopardy. We note that two district courts of appeal have already reached the same conclusion in post-Thomas decisions. Smith v. State, 588 So.2d 654 *800 (Fla. 2d DCA 1991); Morgan v. State, 576 So.2d 792 (Fla. 4th DCA 1991).
Jones also challenges his sentence of thirty months imprisonment followed by five years' probation for the attempted burglary of a dwelling. Attempted burglary is a third-degree felony. § 810.02(3), Fla. Stat. (1989); § 777.04(4)(c), Fla. Stat. (1989). Section 775.082(3)(d), Florida Statutes (1989), provides that the maximum penalty for a third-degree felony shall not exceed five years. Therefore, the sentence imposed on Jones is erroneous because the combined terms of incarceration and probation exceed the statutory maximum.
For the reasons expressed herein, we approve the decision below. We disapprove Ghent v. State, 536 So.2d 285 (Fla. 3d DCA), review denied, 545 So.2d 1369 (Fla. 1989). We remand with directions to limit Jones' sentence for attempted burglary of a dwelling to thirty months' imprisonment followed by thirty months' probation.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] To facilitate the jurors' understanding of the crime of attempt, Florida Standard Jury Instructions in Criminal Cases defines the elements as follows:

1. (Defendant) did some act toward committing the crime of (crime attempted) that went beyond just thinking or talking about it.
2. He would have committed the crime except that
[someone prevented him from committing the crime of (crime charged).]
[he failed.]
Fla.Std.Jury Instr. (Crim.) at 55.
[2] The dictates of Carawan v. State, 515 So.2d 161 (Fla. 1987), no longer control the interpretation of section 775.021(4). State v. Smith, 547 So.2d 613 (Fla. 1989).