GOSHORN, Judge,
dissenting.
As the majority acknowledges, this ease is controlled by subsection 775.021(4), Florida Statutes (1991) which provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial, (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Courts have recognized that the last sentence of subsection (4)(a) is essentially the traditional Blockburger[1] test — “whether each *266 provision requires proof of an additional fact which the other does not.” Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. However, in Florida, the inquiry into double jeopardy does not end there. Our legislature went on to state three rules of statutory construction which it classified as exceptions to its declared intent “to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction.” § 775.021(4)(b), Fla.Stat. (1993). Under paragraph (4)(b), multiple sentences and convictions are impermissible if: (1) the two offenses “require identical elements of proof’; (2) the offenses are “degrees of the same offense as provided by statute”; or (3) the statutory elements of the lesser offense are “subsumed by the greater offense.” See § 775.021(4)(b)1.,2.,3., Fla.Stat. (1993); see also State v. Smith, 547 So.2d 613, 615 (Fla.1989) (stating that the legislative amendment to subsection 775.021(4) added a three-pronged statement of legislative intent which is not merely “an ‘aid’ in determining whether the legislature intended multiple punishment ... [but rather] is the specific, clear, and precise ... polestar”); Williams v. State, 560 So.2d 311, 313 (Fla. 1st DCA 1990).
Applying section 775.021 to the instant facts, Anderson’s convictions for violating both section 837.02[2] and section 903.035[3] pass the initial inquiry required by paragraph 775.021(4)(a) because each crime requires proof of an element that the other does not. Unlike the crime of providing false information in an application for bail, the perjury charge under section 837.02 requires proof that the statement occurred in an official proceeding and also that it was made under oath. Unlike the perjury charge, to convict under section 903.035, the State must prove that the information the defendant provided was done “in connection with an application for or attempt to secure bail.”
Anderson acknowledges that his dual convictions pass this analysis, but contends that subparagraph (4)(b)2. prohibits convictions under both statutes because section 903.035, providing false information in connection with an application for bail, is merely a lesser degree of the offense enumerated in section 837.02, which requires the false information to be communicated in an official proceeding. He asserts that both crimes are forms of the same underlying core offense of lying or giving false information. For the reasons discussed below, I find Anderson’s reasoning flawed.
First, I believe Anderson’s reliance on Sirmons v. State, 634 So.2d 153 (Fla.1994) is misplaced. In Sirmons, the defendant appealed on double jeopardy grounds after he was convicted of grand theft auto and robbery with a weapon. The supreme court reversed, noting that both offenses were “merely degree variants of the core offense of theft.” Id. at 154. The Sirmons court explained:
The degree factors of force and use of a weapon aggravate the underlying theft offense to a first-degree felony robbery. Likewise, the fact that an automobile was taken enhances the core offense to grand theft. In sum, both offenses are aggravated forms of the same underlying offense distinguished only by degree factors.
Id. In reaching its decision, the Sirmons court relied on Johnson v. State, 597 So.2d *267 798 (Fla.1992) and State v. Thompson, 607 So.2d 422 (Fla.1992), approving Thompson v. State, 585 So.2d 492 (Fla. 5th DCA 1991). It elaborated as follows:
In Johnson, the defendant had been convicted of grand theft of cash and grand theft of a firearm for the snatching of a purse that contained both money and a firearm. We determined that the dual convictions and sentences were improper because “the value of the goods or the taking of a firearm merely defines the degree” of the theft and does not result in two separate crimes. In other words, the dual convictions could not stand because each offense was simply an aggravated form of the underlying offense of theft, distinguished only by degree factors.
In a similar vein, we recently held in Thompson that a defendant cannot be convicted of both fraudulent sale of a counterfeit controlled substance and felony petit theft where both charges arose from the same fraudulent sale. We agreed with the Fifth District Court of Appeal that section 775.021(4)(b)2., Florida Statutes (1989), bars the dual convictions because both fraudulent sale and felony petit theft are simply aggravated forms of the same underlying offense distinguished only by degree factors.
Id. at 153-54 (citations omitted).
Sirmons, Johnson, and Thompson are distinguishable from the present case. In those cases, the court recognized that both statutes under which each defendant was convicted were merely aggravated forms of the same underlying offense — theft. Here, sections 903.035 and 837.02 have different “core offenses.” Neither of these statute’s core offenses is “lying” or “providing a false statement” because such action is not illegal. To lie or to provide false information is not an offense.[4] It is only when the defendant makes the intentionally false statement “in an official proceeding” or “in connection with an application for bail” that the behavior becomes criminal.[5] Accordingly, because in my view the underlying crimes in each statute under which Anderson was convicted do not arise from the same core offense, I would find subparagraph 775.021(4)(b)2. inapplicable to the present case. Cf. Thompson v. State, 585 So.2d 492, 493 (Fla. 5th DCA 1991) (stating that subparagraph 775.021(4)(b)2. “excepts ‘degree’ crimes such as the various forms of homicide”).
Likewise, I do not believe Anderson’s dual convictions fall within the “lesser offense *268 subsumed by the greater offense” exception enumerated in subparagraph 775.021(4)(b)3. Because the false information necessary for a violation of subsection 903.035(3), “in connection with an application for bail,” is not required to be provided in an “official proceeding” as defined by section 837.02,[6] the elements of subsection 903.035(3) are not “subsumed” by the perjury charge, and therefore, the exception does not apply.[7] I reject the argument that subparagraph 775.021(4)(b)3. should apply because Anderson’s false information was provided during his application for bail (which was an official proceeding). Both the statute’s clear language and established case law provide that the court must examine the statutory elements of each crime rather than the individual factual situation presented in each case. § 775.021(4)(b)3., Fla.Stat. (1993); Cherry v. State, 592 So.2d 292, 294 (Fla. 2d DCA 1991) (stating that “courts look only to the statutory elements of each offense and not to the actual evidence to be presented at trial or [to] the facts alleged in a particular information.”) (quoting State v. Carpenter, 417 So.2d 986, 988 (Fla.1992)); Donovan v. State, 572 So.2d 522, 526 (Fla. 5th DCA 1990) (same).
Further support for my conclusion is found in Jones v. State, 588 So.2d 644, 646 (Fla. 2d DCA 1991), approved, 608 So.2d 797 (Fla.1992). There, the court found subparagraph 775.021(4)(b)3. inapplicable where, as in this case, both crimes were classified as third degree felonies.[8] The court reasoned that one offense is not subsumed by the other because there was no “lesser” or “greater” offense. See also Kurtz, 564 So.2d at 522 (declaring that neither DUI manslaughter nor manslaughter with culpable negligence “is a ‘lesser offense’ [of the other] because the two carry the same penalty”) (citing State v. Carpenter, 417 So.2d 986 (Fla.1982)).
The majority fails to acknowledge that, in response to the supreme court’s decision in Carawan v. State, 515 So.2d 161 (Fla.1987), the legislature, in its 1988 amendment to section 775.021, clearly stated: “The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity ... to determine legislative intent.” § 775.021(4)(b), Fla.Stat. (1991).[9] Our supreme court recognized that amendment in State v. Smith, 547 So.2d 613 (Fla.1989):
It is readily apparent that the legislature does not agree with our interpretation of legislative intent and the rules of construction set forth in Carawan. More specifically:
(1) The legislature rejects the distinction we drew between act or acts. Multiple punishment shall be imposed for separate offenses even if only one act is involved.
(2) The legislature does not intend that (renumbered) subsection 775.021(4)(a) be treated merely as an “aid” in determining whether the legislature intended multiple punishment. Subsection 775.021(4)(b) is the specific, clear, and precise statement of *269 legislative intent referred to in Carawan as the controlling polestar. Absent a statutory degree crime or a contrary clear and specific statement of legislative intent in the particular criminal offense statutes,[5] all criminal offenses containing unique statutory elements shall be separately punished.
(3) Section 775.021(4)(a) should be strictly applied without judicial gloss.
(4) By its terms and by listing the only three instances where multiple punishment shall not be imposed, subsection 775.021(4) removes the need to assume that the legislature does not intend multiple punishment for the same offense, it clearly does not. However, the statutory element test shall be used for determining whether offenses are the same or separate. Similarly, there will be no occasion to apply the rule of lenity to subsection 775.021(4) because offenses will either contain unique statutory elements or they will not, i.e., there will be no doubt of legislative intent and no occasion to apply the rule of lenity.
Id. at 615-16 (first emphasis added) (footnote omitted).
In summary, I would hold that Anderson’s convictions for both perjury in an official proceeding and providing false information in connection with an application for bail do not violate Anderson’s double jeopardy protections. Both crimes contain an element that the other does not, and I find none of the exceptions presented in paragraph 775.021(4)(b) applicable. Therefore, I respectfully dissent.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Subsections 837.02(1) and (2), relating to perjury in official proceedings, provide:
(1) Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree....
(2) Knowledge of the materiality of the statement is not an element of this crime, and the defendant's mistaken belief that his statement was not material is not a defense.

. Section 903.035, relating to information provided on applications for bail, provides in pertinent part:
(1)(a) All information provided by a defendant, in connection with any application for or attempt to secure bail, to any court ... shall be accurate, truthful, and complete without omissions to the best knowledge of the defendant. * ⅜ * * * *
(3)Any person who intentionally provides false, or misleading material information ... in connection with an application for bail or for modification of bail is guilty of a misdemeanor or felony which is one degree less than that of the crime charged for which bail is sought, but which in no event is greater than a felony of the third degree....

. Black’s Law Dictionary defines "offense” as follows:
A felony or misdemeanor; a breach of the criminal laws; violation of law for which penalty is prescribed. The word “offense,” while sometimes used in various senses, generally implies a felony or a misdemeanor infringing public as distinguished from mere private rights, and punishable under the criminal laws, though it may also include the violation of a criminal statute for which the remedy is merely a civil suit to recover the penalty. An act clearly prohibited by the lawful authority of the state, providing notice through published laws.
Criminal offenses may be classified into general categories as felonies and misdemeanors and as offenses against the person {e.g. murder, manslaughter), against habitation and occupancy {e.g. burglary, arson), against property {e.g. larceny), against morality and decency {e.g. adultery), against public peace, against government {e.g. treason).
Black’s Law Dictionary 1081 (6th ed. 1990) (citations omitted). See also Sirmons, 634 So.2d at 155 (listing crimes such as theft, battery, possession of contraband, and homicide as examples of core underlying offenses) (Kogan, L, concurring).

. I believe the majority's interpretation of Goodwin v. State, 634 So.2d 157 (Fla.1994) and Thompson v. State, 20 Fla.L. Weekly S95 (Fla. Feb. 23, 1995) expands them beyond their scope. Goodwin involves aggravating factors in automobile deaths while Thompson deals with sexual activity with a physically incapacitated child while in a position of familial or custodial authority. See Goodwin, 634 So.2d at 157; Thompson, 20 Fla.L.Weekly at S96. The present case, on the other hand, involves two separate statutes addressing different legislative policies. Otherwise, it would have been unnecessary for the legislature to have included section 903.035 in the bail statute because the conduct could have been prosecuted under the perjury statute, which had been in existence for years. See §§ 837.012, 02, Fla.Stat. (1991); cf. Kurtz v. State, 564 So.2d 519, 522 (Fla. 1st DCA 1990) (stating that DUI manslaughter and manslaughter with culpable negligence are "two separately codified crimes, which are not mutually exclusive and involve different legislative policies, [and therefore] do not appear to be ‘degrees of the same offense as provided by statute’ ”) (citations omitted).

. "Official proceeding” is defined in Chapter 837 as follows:
[A] proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative, or other governmental agency or official authorized to take evidence under oath, including any referee, master in chancery, hearing examiner, commissioner, notary, or other person taking testimony or a deposition in connection with any such proceeding.
§ 837.011(1), Fla.Stat. (1993).

. Paragraph 903.035(1)(a) only requires that the defendant provide the information “to any court, court personnel, or individual soliciting or recording such information for the purpose of evaluating eligibility for, or securing, bail....” § 903.035(1)(a), Fla.Stat. (1993).

. While recognizing that a violation of section 903.02 is not always punishable as a third degree felony, the fact that the legislature permitted the punishment to rise to this level supports the conclusion that it could not have intended section 903.035 to be subsumed within section 837.02, which is a third degree felony.

. The majority bases part of its analysis on legislative intent. However, such a conclusion would seem to violate the supreme court’s clear directive in Smith that "subsection 775.021(4) removes the need to assume the legislature does not intend multiple punishments for the same offense, it clearly does not.” Smith, 547 So.2d at 616.

 As we pointed out in Carawan, criminal offense statutes rarely contain a specific statement of whether the legislature does or does not intend separate punishment for the offense(s). Theoretically there is nothing to preclude the legislature from inserting a specific statement in a criminal offense statute that it does nor does not intend separate punishment for the offense created therein.