672 So.2d 829 (1995)
Jason BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3689.
District Court of Appeal of Florida, First District.
November 27, 1995.
Rehearing Denied May 24, 1996.
Nancy A. Daniels, Public Defender and Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Patrick Martin, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, Judge.
Jason Burke appeals his conviction and sentence for possession of burglary tools.
*830 The issue is whether the state presented a prima facie case that appellant had the requisite intent to use the suspect tools in a burglary or trespass. We reverse.
Appellant was charged with committing the offenses of attempted burglary of a structure and possession of burglary tools. At trial, the assistant manager of a restaurant testified that as he was closing the restaurant at 10:30 p.m. on February 7, 1993, he observed appellant drive by the east end of the building in a Nissan 280-Z. After five or ten minutes, the vehicle came around the building with the lights off, then drove east on Highway 90. The assistant manager continued with closing tasks. A short time later, an employee called the assistant manager to the rear of the building, where he saw appellant standing on crates with his hands up reaching toward the roof. When discovered, appellant said he was looking for food. Initially, appellant walked toward the assistant manager, then turned and ran toward the interstate highway.
The assistant manager called the Sheriff's Department. He assumed appellant's car was close by, because such a short period of time elapsed between the time appellant drove away, then walked back to the restaurant. The assistant manager located the car at a motel on Highway 90. When officers arrived, he took them to the car. The automobile contained a cutting torch with hoses, gauges, crow bars, pliers, bolt cutters, and a driver's license. Officers searched the immediate area without success. Approximately forty-five minutes later, an officer observed appellant walking on the highway. The officer identified appellant, and placed him under arrest.
At the close of the state's case, defense counsel moved for a judgment of acquittal as to the charge of possession of burglary tools, on the ground that the evidence failed to establish that the suspected tools were in appellant's immediate possession. Defense counsel argued the evidence showed the tools which the state alleged were intended to be used to commit a burglary were actually located a half mile from the structure to be burgled. The trial court denied the motion for judgment of acquittal, as well as a defense request for a modified jury instruction on the charge of possession of burglary tools.[1]
When delivering the jury charge, the trial court gave the following instruction with respect to the charge of possession of burglary tools:
The second is possession of burglary tools. A definition of that is as follows: Before you can find the defendant guilty of possession of burglary tools, the State must prove the following two elements beyond a reasonable doubt: Number one, the defendant had in his possession tools. Number two, the defendant had a fully formed conscious intent that the tools would be used by him or someone else to commit a burglary. Any tool may be a burglary tool depending on its use or attempted use.
During their deliberations, jurors requested a clarification "as to what the law means by `possession'. Is a person's vehicle included in the definition of possession?" In response to the jurors' inquiry, the trial court instructed: "To possess means to have personal charge or exercise the right of ownership, management or control over the thing possessed." As to Count I, the jury found appellant guilty of the lesser included offense of attempted trespass to a structure; as to Count II, the jury found appellant guilty as charged of possession of burglary tools. Appellant did not appeal the conviction or disposition as to the attempted trespass to a structure.
The applicable statute, section 810.06, Florida Statutes, provides in part:

*831 Whoever has in his possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree, ...
The Florida Supreme Court has construed the burglary tool statute to mean that
[w]here a person is accused of possessing "burglary" tools, the state must prove beyond every reasonable doubt not merely that the accused intended to commit a burglary or trespass while those tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime. The statute is specific on this point: ... (Emphasis supplied.)
Thomas v. State, 531 So.2d 708, 709 (Fla. 1988). The court analogized the burglary tool statute to the common law theory of attempt, noting that the statute "[i]n effect,... criminalizes an attempt to commit a burglary or trespass, which is discerned through the possession of tools or devices coupled with the defendant's intent to use those tools in the commission of the crime." 531 So.2d at 709.
In Thomas, the accused was arrested in a frequently burglarized neighborhood, while wearing socks on his hands and carrying a screwdriver, and then attempted to jump a fence and run away. The supreme court found this evidence sufficient to establish a prima facie violation of section 810.06, including the element of criminal intent. In contrast, in this case, when appellant was discovered reaching toward the roof of the restaurant, he had no tool or implement of any kind in his hands or discernible on his person. Under Thomas, to establish the essential element of intent, it was incumbent upon the state to prove that appellant "actually intended to use those tools to perpetrate the crime." 531 So.2d 708-709. Such proof necessarily requires a showing that appellant had the ability to use the items alleged to be burglary tools to perpetrate the burglary or trespass.
The state advances a two-pronged argument to counter appellant's attack upon his conviction for possession of burglary tools. First, the state contends appellant failed to preserve the issue on appeal, because his motion for judgment of acquittal did not raise the question of the state's failure to prove appellant's intent to use the tools in furtherance of the trespass. In this connection, the state asserts that appellant's failure to argue intent, as opposed to arguing that the tools were not in his immediate possession, deprived the state of the opportunity to reopen its case "to prove a missing element inadvertently overlooked." Since it is clear that appellant could not commit a trespass or burglary with items which were several blocks away when he committed the offense for which he subsequently was convicted, his argument that the tools were not in his immediate possession encompassed the argument that the state failed to prove intent.[2]
Second, the state recognizes the existence of a supreme court authority that holds that the failure to prove each element of the crime charged constitutes fundamental error that may be addressed by an appellate court, even though it was not addressed in the lower tribunal. See Troedel v. State, 462 So.2d 392, 399 (Fla.1984). See also K.A.N. v. State, 582 So.2d 57, 59 (Fla. 1st DCA 1991); Broughton v. State, 528 So.2d 1241, 1243 (Fla. 1st DCA 1988). As support for the contention that this court ought not view the state's failure to prove an essential element of the crime charged as fundamental error, the state maintains the supreme court's decision in Troedel "was an aberration." This court is not at liberty to disregard an applicable rule of law pronounced by the Florida Supreme Court. Hoffman v. Jones, 280 So.2d 431, 433-434 (Fla.1973).
The evidence in this case is clear that appellant was not using or attempting to use the items in his automobile as burglary tools when he engaged in the conduct for which he subsequently was convicted, nor is there anything in the record to support an inference that he had the ability to do so in perpetration of a burglary or trespass. Rather, the evidence merely established that after driving *832 around the restaurant, appellant drove away, parked his vehicle at a motel either two-tenths or one-half of a mile from the building,[3] then walked to the restaurant where he was discovered reaching toward the roof. The record is devoid of evidence that appellant had any of the items in question available to him when he was observed reaching toward the roof of the restaurant. We conclude the evidence introduced at trial was insufficient to establish a prima facie showing of the essential element of intent to use burglary tools in the perpetration of a crime, within the contemplation of Thomas. Thus, the conviction and sentence for the Count II charge of burglary tools cannot be sustained.
Accordingly, appellant's conviction of the Count II crime of possession of burglary tools is reversed, and the sentence imposed thereon is vacated.
MINER, J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I respectfully dissent. The argument made on appeal (insufficient evidence of intent to use the tools to commit a burglary or trespass) was not presented to the trial court in Appellant's motion for judgment of acquittal and, therefore, is not properly an issue before this court. Assuming the argument had been preserved, however, I would uphold the trial court's determination that the State's evidence was sufficient, and affirm denial of the motion for acquittal. A jury question was presented based on all the facts, and inferences arising from those facts, as to whether Appellant was in possession of tools that he intended to use to perpetrate the burglary or trespass. Thomas v. State, 531 So.2d 708, 710 (Fla.1988).
The Florida Supreme Court, in the Thomas case, supra, compared the possession of burglary tools with the common law theory of attempt, and held (531 So.2d at 709-710):
[W]e conclude that the burglary tool statute actually describes and prohibits a crime in the nature of an attempt. In effect, it criminalizes an attempt to commit a burglary or trespass, which is discerned through the possession of tools or devices coupled with the defendant's intent to use those tools in the commission of the crime.
. . . .
Under this analysis, then, the specific intent to commit a burglary or trespass using tools, instruments or machines in the defendant's possession or control exists when he or she engages in or causes some overt act toward the commission of the burglary or trespass, which goes beyond merely thinking or talking about it. The overt act necessary to prove intent need not be limited to the actual use of an item in committing the trespass or burglary, but need only manifest the specific criminal intent.

(Footnote omitted; emphasis added.) Thus, the offense of possession of burglary tools requires some overt act toward the commission of a burglary or trespass to prove the intent element of possession. Smith v. State, 588 So.2d 654, 656 (Fla. 2d DCA 1991). Contrary to the majority, I do not read section 810.06, Florida Statutes, or Thomas to require Appellant to use or attempt to use the alleged burglary tools at the time he engages in the "overt act."
In this case, the evidence shows that Appellant was seen to drive slowly through the parking lot of the restaurant with the lights of his black 280-Z Nissan automobile turned off. Visible in the interior of the car, Appellant had assorted tools, including a cutting torch, gauges and hoses, a bolt cutter, crowbars and pliers. Appellant parked his car a short distance away and walked to the restaurant. The restaurant was closed, but employees were inside cleaning. The employees saw Appellant go around to the back of *833 the building and alerted the assistant manager to Appellant's suspicious behavior. Appellant was discovered standing on a stack of bread racks, which allowed him to reach the eaves of the roof. Appellant was wearing white gloves at the time.
The State contends, with justification, I believe, that these activities constitute an overt act or acts from which the jury could reasonably infer that Appellant intended to commit a burglary and that he intended to use the tools in his possession.[4] The fact that the tools were not on Appellant's person at the time he was discovered by the restaurant employee does not preclude an inference that he intended to use the tools in his car. Under Thomas, actual possession is not required. The State need only present evidence from which the jury could reasonably infer an intent to use tools that are in Appellant's possession or control in a burglary or trespass. The jury was entitled to find that the tools were suitable and readily available for Appellant's use, and that he was going onto the roof in order to assess the opportunities for entry into the building and to determine which of his tools would be needed to effectuate entry.
I would affirm the conviction.
NOTES
[1] Since the jury instruction conference was not recorded, defense counsel made the following statement for the record:

I requested that the Court modify the jury charge related to the possession of burglary tools based on the case law I provided to the Court. I believe that the jury instruction should not be "in his possession." It should be "in his immediate possession." I made that argument to the Court and at this time I would object to it not being given and the word added prior to the defendant in this case, Jason Burke, had in his immediate possession tools.
[2] In this regard, we conclude the defense argument at trial was sufficient to preserve the issue presented on appeal, and reject the state's contention to the contrary.
[3] The record is unclear as to the precise distance separating the restaurant where appellant was discovered, and his parked vehicle. The discrepancy may be attributable to the difference between the distance by foot and the distance by motor vehicle. The state's brief describes the distance as "a couple of blocks away." At any rate, the distance was sufficient to preclude an inference that appellant had the ability to use the items discovered in the vehicle in the perpetration of a burglary, at the time in question.
[4] See Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990) (when a defendant moves for judgment of acquittal, he admits all the facts adduced in evidence and every conclusion favorable to the State that a jury might reasonably and fairly infer from the evidence).