HAZOURI, J.
Joseph Carbone appeals from his convictions for attempted burglary of a dwelling and possession of burglary tools. We affirm the conviction for attempted burglary but reverse the conviction for possession of burglary tools. The state failed to present sufficient evidence to support the charge of possession of burglary tools.
At the time of the attempted burglary the homeowner observed Carbone approach the front door and lightly tap on the door. After tapping, the homeowner observed Carbone walking back to his car. At that point the homeowner believed that Carbone was leaving, but instead saw Car-bone open the back driver’s side door of his car and reach into the back for “some sort of bag and got out a white handkerchief.” Carbone then walked back to the *658 front door and the homeowner observed Carbone use the handkerchief to try to open the door. The door had a single deadbolt plus a door handle which on the outside was a handle which you grasp and push the button down, which is what Car-bone did with the handkerchief. If the deadbolt had not been locked, Carbone would have been able to open the door.
The homeowner became upset and approached the front door to confront Car-bone. The homeowner asked if he could help him and what he was doing at his front door. Carbone seemed stunned and caught off guard. Carbone quickly put the handkerchief in his right pocket and then advised the homeowner that he was looking for a person named Carol Peterson, whose address was 1278, the same address of the homeowner. The homeowner told Carbone that no one named Carol Peterson lived at this address. Furthermore, on the wall next to the front door was the street number with a plaque which identified the last name of the homeowner which was not Peterson. At that point, Carbone returned to his car and drove away.
Becoming suspicious of Carbone, the homeowner contacted law enforcement who ultimately arrested Carbone near the exit from the homeowner’s development. During the search pursuant to the arrest they found tools in the back seat of the car and in a fanny pack which the state claims were burglary tools.
Carbone was charged with possession of burglary tools under section 810.06, Florida Statutes (2009). That section states: “Whoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree....” In order to prove the crime of possession of burglary tools, the state must prove that (1) the defendant intended to commit a burglary or trespass; (2) the defendant had in his possession a tool, machine, or implement that he intended to use, or allow to be used, in the commission of the burglary or trespass; and (3) the defendant did some overt act toward the commission of a burglary or trespass. Fla. Std. Jury Inst. (Crim.) 13.2.
In Thomas v. State, 531 So.2d 708 (Fla.1988), the supreme court held:
Where a person is accused of possessing “burglary” tools, the state must prove beyond every reasonable doubt not merely that the accused intended to commit a burglary or trespass while those tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime. The statute is specific on this point:
[[Image here]]
Thus, the statute criminalizes the intent to use an item in an illegal way. Mere possession standing alone will not constitute a crime.
Id. at 709. “No crime is committed until the [tools] are in the actual or constructive possession of a person who is using or attempting to use the objects as burglary tools.” Id. at 711 n. 5 (quoting State v. Thomas, 362 So.2d 1348, 1350 (Fla.1978)).
In Burke v. State, 672 So.2d 829 (Fla. 1st DCA 1995), the defendant was charged with attempted burglary of a structure and possession of burglary tools. WTiile closing a restaurant at 10:30 P.M., a restaurant manager saw the defendant drive by. Five to ten minutes later, he drove by again with his car lights off. A short time later, an employee called the assistant manager to the rear of the building where the defendant was standing on crates with his hands raised and reaching toward the roof. The defendant said he was looking for food. He walked toward the assistant *659 manager and then turned and ran. The police were called. Because it had been such a short time since the defendant drove away and then walked to the restaurant, his car was located at a motel as little as two blocks away or as much as a half mile away. Inside the car there was a cutting torch, crow bars, pliers, and bolt cutters. The defendant was found and arrested forty-five minutes later. At the close of the state’s case, the defense moved for judgment of acquittal on the possession of burglary tools charge arguing that the evidence failed to establish that the tools were in his immediate possession because they were a half mile from the structure to be burgled. In reversing the conviction, the First District first stated that “[s]uch proof necessarily requires a showing that appellant had the ability to use the items alleged to be burglary tools to perpetrate the burglary or trespass.” Id. at 831. The court concluded:
The evidence in this case is clear that appellant was not using or attempting to use the items in his automobile as burglary tools when he engaged in the conduct for which he subsequently was convicted, nor is there anything in the record to support an inference that he had the ability to do so in perpetration of a burglary or trespass ... The record is devoid of evidence that appellant had any of the items in question available to him when he was observed reaching toward the roof of the restaurant.
Id. at 831-32.
The state failed to present sufficient evidence to support Carbone’s conviction for possession of burglary tools. According to the homeowner, the only item that Carbone possessed when he approached the house was a handkerchief. There was no evidence presented that Car-bone was using or attempting to use the items in the ear or in the fanny pack as burglary tools at the time he was attempting to commit the burglary.
The state failed to prove that the crime of possession of burglary tools was committed. We reverse the denial of Car-bone’s motion for judgment of acquittal on the charge of possession of burglary tools and direct the trial court to vacate that conviction.

Affirmed in Part, Reversed in Part, and Remanded for Further Proceedings.

WARNER and CIKLIN, JJ„ concur.